In the Matter of the Application of GILBERT H. MONTAGUE to Fix and Determine His Compensation for Legal Services Rendered to THOMAS M. LOGAN and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executors, etc., of WILLIAM DELAVAN BALDWIN, Deceased. GILBERT H. MONTAGUE, Appellant; THOMAS M. LOGAN and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executors, etc., of WILLIAM DELAVAN BALDWIN, Deceased, and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee, etc., J. HARVEY TURNURE, as Special Guardian for DELAVAN MUNSON BALDWIN, JR., BARBARA BULL BALDWIN, PETER BALDWIN VANDERHOEF, MARY LOUISE VANDERHOEF, WILLIAM DELAVAN BALDWIN, 2ND, SHELDON SMITH BALDWIN and LUCRETIA BALDWIN, Infants, etc., RUNYON SEXTON BALDWIN, LOUISE BALDWIN VANDERHOEF and ROLAND DENNIS BALDWIN, and RUSSELL B. LIVERMORE, as Executor, etc., of HELEN RUNYON BALDWIN, Deceased; DELAVAN MUNSON BALDWIN, Respondents. — Appellant instituted a proceeding for fixation and determination of compensation to be paid him for services as attorney to executors. The respondents opposed on the ground that such enumerated services were included within the scope of an agreement whereby appellant accepted the sum of $50,000 for his services, inclusive of those rendered decedent during his lifetime, up to and including the final accounting as executors. The parties agreed that this issue, as a preliminary which might be conclusive, should be first determined. Decree of the Surrogate's Court, Westchester county, dismissing the proceedings, in so far as appealed from, reversed on the law, with costs to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court for determination of the issue of the scope of the agreement of 1932. It was essential to have the scope of this agreement determined, for if the agreement did not include some or all of the services for which compensation was sought, additional reasonable compensation *pro tanto* would have to be fixed, in the absence of a setting aside of the agreement itself. The language of the agreement is ambiguous and parol proof of the meaning and intention of the makers thereof should be presented and considered. Ordinarily, the agreement would import that it was inclusive of all usual services to be rendered in the administration of the estate, considering the amount thereof involved, but not of unusual or extraordinary services. The distinction, at least with respect to the action by the representatives of the National Surety Company against the executors for mismanagement on the part of the decedent as a director, may be a close one, which may be resolved by parol evidence. The recitals in the decree of April 13, 1936, are not conclusive, and the only adjudication which was actually made therein was to hold the question of further payment of compensation for legal services in abeyance. The circumstances and statements invoked by appellant do not warrant the application of the doctrine of estoppel. Hagarty, Carswell and Taylor, JJ., concur; Lazansky, P. J., concurs in the result;

Adel, ·J., dissents and votes to affirm, with the following memorandum: By an agreement between the attorney and the executors the Surrogate's Court may not be deprived of the statutory authority conferred upon it by section 231-a of the Surrogate's Court Act to fix and determine the compensation of an attorney for services rendered to an estate. Furthermore, the agreement here is specific and not ambiguous, and includes the services rendered to the decedent before his death and up to and including the final accounting of the executors.