In the Matter of the Estate of GEORGE V. REARDON, Deceased. EDWARD REARDON, as Administrator of the Estate of George V. Reardon, Deceased, Respondent; FRANCES JOFFE, Appellant.

First Department, May 10, 1966.

*Benjamin F. Nolan* of counsel (*Nolan & Meyer*, attorneys), for appellant.

*Alexander A. Miuccio* of counsel (*La Penna & Tuckman*, attorneys), for respondent.

RABIN, J. This proceeding was brought by Edward Reardon, as administrator of the estate of George V. Reardon, to obtain the transfer to the administrator of certain personal property, including the proceeds of a bank account, now held by the appellant, Frances Joffe. The bank account had been opened in the joint names of the decedent and Frances Joffe. At the trial the Surrogate charged the jury that " the burden of proof is upon the respondent [appellant here] to show that this opening of the account by George V. Reardon was a voluntary act on his part; that he wanted and intended for it to be a joint account with the consequence that it would go to his sister, Mrs. Joffe, if she survived him." The jury found that the estate of the deceased was entitled to the money in question.

It is our belief that such charge was incorrect and constituted reversible error, in that the Surrogate should have charged, in accordance with the amendment of the Banking Law, made subsequent to the institution of the proceeding, but prior to trial.

Prior to the trial, the Banking Law had been amended and subdivision (b) of section 675 provided that: " The making of such deposit * * * shall, in the absence of fraud or undue influence, be prima facie evidence, in any action * * * of the intention of both depositors or shareholders to create a joint tenancy and to vest title to such deposit or shares, and additions and accruals thereon, in such survivor. The burden of proof in refuting such prima facie evidence is upon the party or parties challenging the title of the survivor."

An analysis of the statute clearly shows that the purpose was to remove from the surviving cotenant the burden of proving that the deceased cotenant intended to create a joint account, and placed upon the party or parties challenging the title of the survivors to such account the burden of showing a lack or failure of intent to create a joint bank account (Third Report of Temporary Comm. on Estates, 1964; N. Y. Legis. Doc., 1964, No. 19, pp. 365, 385).

The question in this case is whether subdivision (b) of section 675 of the Banking Law, above quoted, effects merely a procedural change in the law or is substantive in nature. If such statute is procedural, it should be applied to all actions, not only those subsequently commenced, but those theretofore commenced and pending (82 C. J. S., Statutes, § 421, p. 998). The statute

relates only to the burden of proof. The general rule, of course, is that rules as to burden of proof are remedial and relate to procedure. (8 N. Y. Jur., Conflict of Laws, § 35.)

However, where the rule as to burden of proof is such that it is inseparably connected with the substantive rights of the parties, the statute should be considered as affecting substantive rights, and should not be applied retrospectively to pending actions. The line of demarcation between a statute affecting substantive rights as opposed to one regulating procedure, is often hard to define. The answer cannot be determined by simply asking whether the outcome of the action might be affected, for rules of evidence or procedure often tend to affect the outcome of actions. Rather, the question to be asked is whether the substantive rights of the parties have been changed.

The gradations between procedure and substantive rights are shown in *Fitzpatrick* v. *International Ry. Co.* (252 N. Y. 127). In that case a cause of action for negligence arose in Ontario, Canada, which had a comparative negligence statute. In a suit brought in New York, the court charged that the burden of proving contributory negligence was upon the defendant. The defendant, on appeal, contended that the law of the forum, requiring that plaintiff establish his freedom from contributory negligence, should have been applied, since the rule related to burden of proof and was merely procedural. The court noted the Ontario act did more than touch or affect a matter of procedure, and, despite the plaintiff's contributory negligence, gave a right to recover, such right not being recognized at common law. It concluded that the New York rule on burden of proof had no application to the Ontario statute, since it would materially change the substantive rights of the parties. The court in passing, however, noted (p. 135): "If the Ontario act had merely dealt with this order of proof or burden of proof, and provided that the defendant, in common-law actions for negligence, had the burden of proving the plaintiff's contributory negligence [contrary to the New York rule that plaintiff has the burden of showing his freedom from contributory negligence], we would have another question. There would then be the same substantial right as at common law, the change merely being in the procedure at the trial or in the burden of proof."

Here, viewing the statute, in balance, it cannot be said that the substance of the cause of action has been changed by the new section of the Banking Law. The burden of proof is not inseparably connected to the cause of action. The estate was, and remains, entitled to the property in question if the property

was not effectively transferred by the decedent during his lifetime. That is the basic right involved. While the question as to who has the burden of proof in showing the intention of the parties, may ultimately affect the outcome of the action, the substantive rights remain the same throughout. The situation is similar to that in negligence cases where it has been held the question as to whether plaintiff must prove freedom from contributory negligence, or defendant must prove plaintiff's contributory negligence, is procedural. (*Clark* v. *Harnischfeger Sales Corp.*, 238 App. Div. 493; *Wright* v. *Palmison*, 237 App. Div. 22.)

We conclude that the statute is procedural in nature. The Surrogate, therefore, should have charged in accordance with the new section of the Banking Law, since being procedural it was " applicable upon the trial of existing actions ". (*Sackheim* v. *Pigueron*, 215 N. Y. 62, 74.)

Accordingly, the decree entered July 12, 1965, directing that respondent-appellant deliver to the petitioner $8,380.15, plus interest, should be reversed on the law and a new trial ordered.

Botein, P. J., Breitel, Eager and Steuer, JJ., concur.

Judgment and decree unanimously reversed, on the law, and a new trial ordered, with $50 costs and disbursements of this appeal to be awarded in the discretion of the Surrogate after the trial.