OPINION OF THE COURT
Bernard L. Reagan, S.
The executor, Edward B. Giddings, has filed his account in this estate together with a petition for judicial settlement.
The executor objects to the amount of attorney’s fees claimed by the former attorney for the estate, Robert M. Weichert.
Letters testamentary of the last will and testament of Fay N. Giddings were issued by this court on the 21st day of January, 1964, to Edward B. Giddings.
Robert M. Weichert was retained by the petitioner to perform all legal services involved in the administering and settling of the above estate.
On or about January 18, 1973 Mr. Weichert was disbarred from the practice of law in New York State by order of the Appellate Division of the Supreme Court, Fourth Judicial Department (Matter of Weichert, 40 AD2d 261), and at the time of said disbarment had not completed the work necessary to settle the estate.
In May, 1976 petitioner retained Peter W. Mitchell, Esq., of the law firm of Flanagan, Mitchell & O’Brien to complete all work necessary to settle the said estate; Mr. Weichert was informed of this fact. At the same time, Mr. Mitchell requested Mr. Weichert to forward to his office the necessary documents and papers in order that the executor might account and judicially settle the estate.
Mr. Mitchell’s office was assured by Mr. Weichert that all the documents necessary for the accounting were contained in his file and that the information necessary to file the accounting would be made available. For a period of six months telephone calls were made by the executor and by Mr. Mitchell to Mr. Weichert, and various excuses were made why the file had not been forwarded to Mr. Mitchell. On or about December 2, 1976 Mr. Mitchell’s office was advised that the *826 file would not be forwarded until the balance allegedly due Mr. Weichert of his fee amounting to $8,700, to wit: the sum of $1,000, was paid.
There is authority that disbarment destroys an attorney’s retaining lien (Matter of Woodworth, 85 F2d 50).
The procedure for a suspended, disbarred or resigned attorney in the Fourth Department to obtain attorney fees for services rendered and disbursements incurred prior to the effective date thereof is set forth in 22 NYCRR 1022.26 of the Appellate Division Rules, Fourth Department.
22 NYCRR 1022.26 (c) states in part "[the disbarred attorney] may be compensated on a quantum meruit basis for services rendered and disbursements incurred prior to the effective date * * * [of his disbarment]. The amount and manner of payment of such compensation shall be fixed by the court * * * In no event shall the combined fee exceed the amount the client would have paid had no substitution been required.”
22 NYCRR 1022.26 (b) also provides that a disbarred attorney shall promptly notify each of his clients and advise him/ her to secure another attorney. In the event that the client does not obtain substitute counsel, the disbarred attorney shall move pro se in the court where the proceeding is pending for leave to withdraw therefrom.
More than three years elapsed from the time Mr. Weichert was disbarred until the time that the executor secured substitute counsel. No evidence has been presented to this court indicating that the executor had received prompt notification of the disbarment, nor had any application ever been made by Mr. Weichert for leave to withdraw from the matter.
At this point in time the court concludes that Mr. Weichert, by his actions and inactions, was refusing to comply with 22 NYCRR 1022.26 as promulgated by the Appellate Division, Fourth Department, both in letter and in spirit.
On March 25, 1977 this court signed a show cause order returnable on May 5, 1977 requiring Mr. Weichert to show cause why a decree should not be made ordering him to turn over to the executor or the court all the information and documentation in his possession relevant to the administration and settlement of the estate of Fay N. Giddings.
After numerous adjournments at the request of Mr. Weichert, in an answer dated June 1, 1977 he alleged and repre *827 sented to the court as follows: "4. That on June 4, 1968 respondent’s law office was entirely consumed by fire, and the file of 'Estate Fay N. Giddings’ was lost and destroyed.”
Mr. Mitchell was now left to his own resources to construct the entire accounting dating back to January 24, 1964. This was done after many painstaking hours and filed with the court on July 17, 1978.
Under schedule "D” of the accounting Mr. Weichert’s claim of $1,000 was rejected, and the petitioner asked the court to set the fee of Peter W. Mitchell, Esq., of Flanagan, Mitchell & O’Brien, his present attorney, and Mr. Robert M. Weichert, his former attorney.
It is ultimately the court’s responsibility to decide what constitutes reasonable compensation (SCPA 2110).
In setting the attorney fees the court must consider all of the relevant factors, the difficulty of the questions involved, the skill required to handle the problem, the time and labor required, the lawyer’s experience, ability and reputation, the customary fee charged by the members of the Bar for similar services and the amount involved (Matter of Potts, 123 Misc 346, affd 213 App Div 59, affd 241 NY 593; Matter of Brehm, 37 AD2d 95).
The court held a hearing on August 29, 1978 for the purpose of fixing attorneys’ fees. Mr. Weichert testified that he had billed the estate on May 26, 1969 for $8,700. The bill on the face of it is for legal services rendered in the estate of Fay N. Giddings, covering the entire proceeding from probate to settlement. The claim was filed with this court on June 7, 1977 and has an attached statement of account showing the various payments made by the executor totaling $7,700, leaving a balance due of $1,000.
In substance Mr. Weichert testified his fee was arrived at as follows:
Sale of Realty $1,200
Administration of Estate $2,500
(including probate, tax proceedings and settlement)
Litigation $5,000
Total $8,700
In administration of the estate Mr. Weichert claims he expended 100 hours at $25 per hour, for a total of $2,500. For *828 litigation work pertaining to a will construction proceeding he claims 100 hours’ work at $50 per hour, for a total of $5,000.
No time sheets were kept on the above, nor was there any diary kept as to the exact nature of the services performed. When Mr. Weichert was examined as to the details of his alleged services, he responded as follows: "I think you will find, your Honor, there are more than twenty letters back and forth in the administration of this estate; in both of these files there are 246 letters received and answered by me.”
Mr. Weichert then produced two large files, Exhibits Nos. 10 and 11.
In reviewing these files the court finds there was a good deal of paper work involved but much of it unnecessary and concerning how Mr. Weichert could get his fee or who would have charge of keeping the bank accounts, Mr. Weichert or the executor.
The fact that Mr. Weichert had previously refused to produce these files and stated in his answer in writing to Mr. Mitchell and the court on the return date of the show cause order that the files were destroyed in a fire is disturbing to the court, to say the least; it goes right to the credibility of Mr. Weichert.
The maxim — he who speaks falsely on one point will speak falsely on all — is occasionally invoked in connection with the effect of impeachment by contradiction. The court may reject the entire testimony of a witness, but facts truthfully testified to cannot be disregarded. (People v Perry, 277 NY 460.)
As applied in this jurisdiction, the maxim extends not only to intentionally false testimony, but also to untrue statements involving matters of skill and judgment. (People v Caccamise, 271 App Div 362.)
The court finds that the claimant Weichert’s entire testimony is not credible and is to be given no weight or effect in this proceeding.
The only aids the court has in fixing said fee are the court’s file, the exhibits introduced and the court’s experience in such matters.
The estate consisted of various parcels of real estate — two parcels located in the State of New York valued at $1,600; other parcels of real estate located in Florida valued at $52,000; increases on sale and distribution amounted to $10,- *829 750; income collected to June 7, 1978 amounted to $17,820.26. Total gross estate amounted to $82,170.26 as of June 7, 1978.
The court finds that the amount of $1,200 attorney’s fee for the sale of realty is reasonable.
The court further finds that the sum of $2,500 as billed by the claimant for administration of the estate is excessive and should be reduced by $450, leaving a balance due for administration expenses in the amount of $2,050. The $450 reduction is calculated as follows:
Schedule "C” of the account shows total payments to Akerman et al., Florida law firm $986.65
less: Akerman Bills, Exhibit 14, Re: Ogilvie v Giddings (foreclosure part of services rendered after D/O/D of deceased — $454
less: Bill of March 1,1965 — disbursements_ — $ 82.65
Fay Giddings Estate: undocumented balance paid to Akerman firm $450
This undocumented balance would appear to be a reasonable fee for services rendered by the Akerman firm on the ancillary Florida probate, which is considered part of the administration. Therefore, $2,500 less $450 equals $2,050.
This court (Laurence D. Wood, S.) on December 12, 1967 rendered a decision pertaining to the trust provision of article "fourth” of the last will and testament of Fay N. Giddings, deceased. In substance the court held that the trust as set forth in the will was "not against public policy or repugnant.”
The court also held that the trust fund must be restricted to the limits of one-half the estate after payment of debts (Decedent Estate Law, § 17, as of 1963).
It is interesting to note that Mr. Weichert, when he testified before this court, claimed he expended 100 hours on this construction proceeding and that there was an appeal filed from my predecessor’s, Judge Wood’s, decision in the matter. What Mr. Weichert neglected to point out to the court was that the appeal was filed by another attorney representing one of the heirs and there was no work performed by him in said appeal. (The appeal was never perfected.)
This construction proceeding is also the action which Mr. Weichert has billed the estate for litigation in the amount of $5,000. This action was not extraordinary in nature but rather routine. The court finds the fair and reasonable value of the *830 legal services rendered by the attorney to the estate for this proceeding is the sum of $3,500.
In summary, after considering the time spent, skill required, difficulties involved, nature of services, amounts involved, professional standing of counsel and results obtained, the court determines the total amount of (New York) attorneys’ fees in the estate of Fay N. Giddings to be as follows:
Sale of Real Estate $1,200
Administration of Estate (from probate to settlement) $2,050
Construction proceeding $3,500
Total $6,750
Of this total figure, $2,000 is hereby fixed as reasonable compensation for the firm of Flanagan, Mitchell & O’Brien.
The balance of $4,750 is hereby fixed as the fair value of services of Mr. Robert Weichert. Mr. Weichert’s fee reflects compensation calculated by this court on a quantum meruit basis for services rendered the estate prior to the effective date of his disbarment. (22 NYCRR 1022.26 [c], Rules of Appellate Division, Fourth Department.)
Consistent with 22 NYCRR 1022.26 (c), the combined amount of fees paid to the New York attorneys should not exceed the amount of $6,750 which the estate would have paid if no substitution of attorneys had been required.
Mr. Weichert, having been paid $7,700 to date by the estate, is hereby directed to refund the excess of $2,950 ($7,700 less $4,750) to the estate, pursuant to the authority vested in this court by SCPA 2110 (subd 3). (See, also, Matter of Schaich, 55 AD2d 914.)
Further, the claim of Mr. Weichert in the amount of $1,000 is hereby denied.
The remaining relief sought in the executor’s petition relating to the accounting is reserved for the final settlement.