■ In the Matter of the Estate of MICHAEL SABATINO, Deceased. THERESA HART, as Executrix of MICHAEL SABATINO, Deceased, Respondent; PHILOMENA KELLY et al., Appellants.—Appeal from a decree of the Surrogate's Court of Albany County, entered March 15, 1978, which dismissed or disallowed certain objections to the account of proceedings of Theresa M. Hart, as executrix of the last will and testament of Michael Sabatino, deceased. Appellants are devisees and residuary legatees under the last will and testament of Michael Sabatino which will was admitted to probate on December 20, 1973 after contested probate proceedings. The decision of the Surrogate admitting the will to probate was affirmed on June 27, 1974 *(Matter of Sabatino,* 45 AD2d 818, mot for lv to app den 35 NY2d 644). The executrix filed an intermediate account of proceedings dated September 10, 1976 and a supplemental account of proceedings dated October 6, 1977. Philomena Kelly filed objections to the account and appellants contend that Objections Nos. 1 (i), 3 and 7 were improperly dismissed or disallowed by the Surrogate. Objection No. 1 (i) related to the omission from the assets of the estate of savings bank Account No. 2035033-6 in the Albany Savings Bank, and Account No. C11755 in the Home Savings Bank of Upstate New York; Objection No. 3 related to the allowance of the sum of $39,500 for legal services rendered to the estate; and Objection No. 7 related to the allowance of full commissions to the executrix. On March 31, 1969, a savings account in the Albany Savings Bank, Account No. 2035033-6, was opened as a joint account with a deposit of $7,500, and a signature card was signed by Michael Sabatino and Theresa Hart. On July 11, 1969, a savings account in the Home Savings Bank of Upstate New York, Account No. C11755, was opened as a joint account with a deposit of $300, and a signature card was signed by Michael Sabatino and Theresa Hart. Decedent died on August 5, 1972 at which time the total balances in the two savings accounts was $40,462.64. Subdivision (b) of section 675 of the New York Banking Law provides that the making of a savings bank account in the form of a joint bank account shall "in the absence of fraud or undue influence, be prima facie evidence * * * of the intention of both depositors" to create a joint

tenancy. The burden of proof in refuting such prima facie evidence is upon the one challenging the title of the survivor (Mitchiner v Bowery Sav. Bank, 31 AD2d 803; Matter of Reardon, 25 AD2d 370). The signature cards for the savings accounts in question were received in evidence as Exhibits N and R and are in the proper form required to create a joint account within the meaning of the Banking Law. Where signature cards for a bank account state that the account was a joint account and the evidence fails to establish fraud, undue influence or lack of capacity or that the account was created for convenience only, the title to the account vests in the surviving joint tenant (Matter of Kleinberg v Heller, 38 NY2d 836; Schwartz v Schwartz, 82 Misc 2d 51). The Surrogate found that the appellants did not sustain their burden of proof, and that the survivor was entitled to the whole account. The only evidence in the record was to the effect that decedent's eyesight was poor. The issue as to poor vision was unsuccessfully raised in the contested probate proceeding. The Surrogate further found that the evidence failed to establish that decedent lacked the capacity, knowledge or understanding when the accounts were opened, or that there was any fraud, duress, coercion, or that the accounts were for convenience only. We agree that decedent intended that the accounts were joint accounts and would become the property of Theresa M. Hart if she survived him. Appellants attempted to introduce in evidence testimony of the executrix taken at an examination before trial in the probate proceeding to the effect that she had no knowledge of her joint tenancy interest in the accounts. The Surrogate ruled that the deposition was inadmissible because appellants failed to lay a proper foundation for its admission. This ruling was proper, and there was no indication that such evidence would have any influence on appellants' case. Objection No. 3 related to the attorneys' fees submitted by the attorneys for the estate which appellants contend were excessive. These fees in the sum of $30,000 for a gross estate of $461,000 were approved by the Surrogate who noted that the estate proceedings had been "bitterly, doggedly and uncompromisingly battled from the very first day of the proceedings". The Surrogate found that the estate attorney had participated in the estate administration for over five years; that many intricate points of law arose at every stage of the estate proceedings; and that the estate attorney had successfully prevailed in the estate litigations and upon appeal. The determination of the reasonableness of an attorney fee is a matter of discretion for the Surrogate. Factors to be considered include the number of hours worked, the size of the estate, and the nature of services rendered. A prolonged litigated estate entitles the attorney to a higher rate of compensation (Matter of Brehm, 37 AD2d 95; Matter of McVoy, 203 Misc 33). Objection No. 7 related to the allowance of commissions to the executrix. The Surrogate allowed the statutory commissions to be calculated by the clerk of the court. The record contains no ground for reversing this allowance. Decree affirmed, with costs to the executrix payable out of the estate. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.