■ In the Matter of the Estate of MOLLIE M. LEVY, Deceased. ALLEN H. WEISS et al., Respondents; HERBERT LEVY, Appellant. — In a proceeding to fix attorney's fees pursuant to SCPA 2110, Herbert Levy appeals from a decree of the Surrogate's Court, Kings County (Pizzuto, J., on the decree; Bloom, S., on the decision), dated April 24, 1984, which fixed the reasonable value of all legal services rendered to coexecutors Ralph Levy and Herbert Levy at $7,000, and allocated that sum as follows: (1) $3,500 to the law firm of petitioner Allen Weiss, (2) $2,500 to Katz, Robinson, Brog & Seymour, P. C., and (3) $1,000 to Herbert Levy.

Decree affirmed, with costs payable personally by the appellant.

Appellant Herbert Levy contends that the Surrogate failed to apply the correct rule in making his determination. While there are some well-recognized guidelines in this area (*see, Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593), "[t]here is no hard and fast rule by which it can be determined what is reasonable compensation for an attorney in any given case" (*Matter of Brehm,* 37 AD2d 95, 97; *see also, Matter of Wilhelm,* 88 AD2d 6, 12). The Surrogate's power to fix such compensation "must be exercised with reason, proper discretion and not arbitrarily" (*Matter of Brehm, supra,* at p 97). We find no basis in the record for disturbing the exercise of the Surrogate's discretion.

We have reviewed appellant's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.