■ In the Matter of the Estate of GEORGE T. GATES, SR., Deceased. JOHN J. GLAVIN, SR., et al., Appellants-Respondents; RICHARD J. SWIM et al., Respondents-Appellants.—Mikoll, J. Cross appeals from an order and judgment of the Surrogate's Court of Albany County (Marinelli, S.), entered January 24, 1984, which fixed the reasonable value of all legal services rendered to the estate and ordered John J. Glavin, Sr., and John J. Glavin, Jr., the attorneys for the administrators of the estate, to refund to the estate the sum of $6,074.

George T. Gates, Sr. (hereinafter decedent), died on July 27, 1968 leaving three heirs: his wife, Dorothy I. Gates; his daughter, Dorothy G. Swim; and his son, George T. Gates, Jr. The three heirs were granted letters as administrators c.t.a. on September 16, 1968. The administrators thereafter entered into a retainer agreement with their attorneys, John J. Glavin, Sr., and John J. Glavin, Jr., which set forth the work the Glavins were to perform for the estate and the fees they were to receive for their services. Dorothy G. Swim died in September 1979. Richard J. Swim and Keith M. Swim (hereinafter the Swims), her sons, were among the distributees of her estate and in 1983 filed objections to the final accounting to decedent's estate.

All the objections to the final accounting filed by the Swims were settled except for the one relating to the payment by the estate of $33,039.36 for counsel and accountant fees. This objection was later amended to include the payment of an added $3,260 in accounting fees. In July 1983, a hearing was held in which the Glavins claimed that the fees they received were proper. The Glavins also sought an additional $30,000 fee for extra legal services they claimed they rendered on behalf of the estate.

Surrogate's Court determined that both the retainer agreement and the fees paid in connection thereto were fair and reasonable. However, the agreement called for 6% of the gross estate to be paid for legal services. The court calculated 6% of the gross estate to be $599 less than the Glavins were paid and, therefore, ordered the Glavins to refund that sum of the

estate. The court also ruled that, according to the retainer agreement, the Glavins had agreed to pay for accounting services and that, therefore, $2,275 in accounting fees paid to Peat, Marwick, Mitchell & Company (Peat Marwick) be refunded by the Glavins to the estate. Additionally, the court ruled that a $3,260 fee for accounting services rendered by Richard V. D'Alessandro, an attorney and a public accountant hired by the Glavins to prepare schedule "B" of the final accounting, be refunded. Finally, Surrogate's Court disallowed the Glavins' claim for $30,000 in extra legal fees. It held that the additional services performed "were in large part services rendered in delaying the transfer of corporate stock to the beneficiaries and further delaying the filing of the accounting and were not beneficial to the estate". The court also declined to award interest on the repayments to be made by the Glavins.

The Glavins appealed the ruling of Surrogate's Court, contending that the court erred in ordering the refunds and in disallowing their claim for extra legal fees. The Swims cross-appealed, contending that the Glavins should have been ordered to repay the estate all of the legal fees received by them.

The Swims' initial argument that Surrogate's Court failed to determine the amount of legal fees to be awarded within the proper statutory framework is without merit. Under SCPA 2110, it is the ultimate responsibility of Surrogate's Court to decide what constitutes reasonable compensation (*Matter of Schaich,* 55 AD2d 914, *lv denied* 42 NY2d 802). In determining the reasonableness of an attorney's claim for services rendered to an estate, the court: "should consider the time spent, the difficulties involved * * * the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593). In the instant case, the Glavins probated the will, conducted the usual Federal and State estate tax proceedings, sold estate assets, prepared the accounting and handled all the normal legal procedures involved in settling an estate (*see, Matter of Brehm,* 37 AD2d 95). Although the services performed by the Glavins may not be characterized as exemplary, they did render the services necessary for the administration of the estate. A fair interpretation of the record supports the decision of the court (*see, D'Arienzo v Manderville,* 106 AD2d 686). In reviewing the testimony taken before the court, some of it conflicting, and considering the criteria for fixing fees, the amount awarded is

reasonable and not excessive *(see, Kyle v Kyle,* 94 AD2d 866, *lv denied* 60 NY2d 557).

The Glavins' claim of $30,000 for additional legal fees was properly rejected by Surrogate's Court. No serious complications, which would justify a variation of the agreed-upon fee, were encountered necessitating the extension of services for over a considerably longer period than initially estimated *(see, Matter of Tillman,* 259 NY 133; *Matter of Baldwin,* 257 App Div 971). There were no independent factors, outside of the Glavins' testimony, to support their request for the additional fees *(see, Matter of Schaich, supra).* The Glavins' testimony was very vague and the extra services appear to be executorial in nature and not properly compensable as legal services *(see, Matter of Hallock,* 214 App Div 323). Moreover, it appears that most of the claimed extra work was unnecessary and of no advantage to the estate. The evidence suggests that the added services were performed for the benefit of the administrators rather than the estate, and are not compensable for that reason *(see, Matter of Della Chiesa,* 23 AD2d 562).

Surrogate's Court's order directing the Glavins to make certain refunds to the estate was proper. It was clearly the Glavins' responsibility under the retainer agreement to pay Peat Marwick's bills of $1,275 and $1,000 for accounting services *(see,* SCPA 2110 [3]; *Matter of Freeman,* 40 AD2d 397, *affd* 34 NY2d 1). Likewise, the $3,260* paid to D'Alessandro by the estate for accounting services performed with respect to the preparation of schedule "B" of the final accounting was the responsibility of the Glavins under the retainer agreement.

The Swims' claims relating to certain other alleged overpayments to the Glavins concerned accounting matters and not legal fees. Surrogate's Court properly did not consider such claims since the Swims withdrew all of their objections except those with respect to legal fees.

The Swims' argument concerning the proper construction of certain clauses of decedent's will has not been preserved for appellate review and will not be considered since it was not raised in Surrogate's Court but is raised for the first time on this appeal *(see, Matter of Quick & Reilly [Davidson],* 103 AD2d 958; *Pinelli v De Paula Chevrolet,* 101 AD2d 643). We have considered the other contentions of error raised by the parties and find them unpersuasive.

---

* The court's decision lists this sum incorrectly as $3,200 when in fact it was $3,260. The order should therefore be modified to correct this discrepancy.

Order and judgment modified, on the facts, without costs, by increasing from $6,074 to $6,134 the amount that John J. Glavin, Sr., and John J. Glavin, Jr., are ordered to refund to the estate, and, as so modified, affirmed. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.