■ In the Matter of the Estate of MOLLIE M. LEVY, Deceased. JAVITS, ROBINSON, BROG, LEINWAND & REICH, P. C., Respondent; HERBERT LEVY, Appellant.—In a proceeding to fix attorney's fees pursuant to SCPA 2110, Herbert Levy appeals from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated December 29, 1986, which awarded the petitioner a fee of $1,000 and directed that it be paid by him personally.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The Surrogate awarded a legal fee of $1,000 to the petitioner. The respondent alleges that this award was improper because the petitioner was compensated by a previous decree. We disagree.

The petitioner had served as counsel to the respondent during the settling of the decedent's estate. The respondent retained the petitioner in his two capacities: as coexecutor and as colegatee. The petitioner had been awarded legal fees as the executor's counsel in 1984 without prejudice to collect fees as the respondent's individual counsel *(Matter of Levy,* 111 AD2d 849). The instant proceeding was commenced to recover legal fees generated from services rendered to the respondent in his individual capacity. When a party appears in several capacities, a previous action will not bar another brought in a different capacity (Siegel, NY Prac § 459, at 607).

The respondent also claims that because the petitioner was discharged for cause, it cannot claim fees due *(Crowley v Wolf,* 281 NY 59). However, there is no support in the record for any finding other than that the petitioner's services were terminated without cause. The setting of $1,000 as the value

of the services was not an abuse of the Surrogate's discretion. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.