■ LYDIA REBELLO, as Administratrix of the Estate of BENJAMIN REBELLO, Deceased, Plaintiff, v CITY OF NEW YORK et al., Defendants. EMIL M. SANCHEZ, Appellant, v BARON & VESEL, P. C., Respondent.—Order, Supreme Court, New York County (David Saxe, J.), entered April 30, 1987, which apportioned attorneys' fees between Baron & Vesel, P. C. as incoming attorney and Emil M. Sanchez, Esq., as outgoing attorney by awarding the latter 10% of the contingent fee recovered in the action, is unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of increasing the outgoing attorney's fee to 20% of the contingent fee recovered, and otherwise affirmed, without costs.

The action was brought against the City of New York and resulted in a jury award to the plaintiff administratrix of $110,250 for the wrongful death of her son and $11,000 for his conscious pain and suffering. Decedent, an epileptic who was run over by a city sanitation truck, was held to be 25% at fault for the accident, reducing the net award to a total of $109,032.92, plus prejudgment interest. After the verdict, the incoming law firm, which had been substituted after the filing of a note of issue, moved for an order apportioning attorneys' fees between it and the attorney it had replaced. The latter, dissatisfied with the result, appeals.

A dispute of this kind calls upon the court to evaluate the reasonable value of the services rendered by the respective attorneys *(Matter of Levy,* 111 AD2d 849). It is undisputed that the family of decedent first retained Mr. Sanchez in November 1983. He undertook various steps including preparation and filing of a notice of claim, representation of the administratrix at the Comptroller's hearing, commencement of the action, service of a bill of particulars, review of a transcript of the Motor Vehicle Department hearing at which the sanitation driver testified, employment of an investigator to locate an eyewitness, and the filing of a note of issue.

The value of additional discovery conducted by Baron & Vesel remains a matter of controversy. But, undeniably, the great bulk of legal services, including selection and preparation of expert testimony and the seven-day trial resulting in plaintiff's verdict, was attributable to respondent. However, our review of the record satisfies us that the assessment by the IAS court of Mr. Sanchez's legal services significantly undervalued them and constituted an improvident exercise of discretion. We modify accordingly. Concur—Kupferman, J. P., Sullivan, Ross, Wallach and Smith, JJ.