■ JONATHAN PEARL et al., Plaintiffs, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants. AUGUSTINE J. SAN FILIPPO, P. C., et al., Respondents, v DAVID JAROSLAWICZ, Appellant.—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about June 12, 1989, which confirmed a report of the Judicial Hearing Officer and apportioned attorneys' fees of $114,000 as follows: to respondent-appellant, as outgoing attorney, a fee of $10,500 (9%-10%) and the balance of the fee to petitioners as incoming attorneys, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of increasing the outgoing attorney's fee to one third of the total contingent fee recovered, and otherwise affirmed, without costs.

This appeal involves a dispute between the incoming and outgoing attorneys retained in a personal injury action; the sole issue with which we are presented on this appeal is the proper fee to be awarded to the outgoing attorney, who contends that he is entitled to a contingent percentage fee of 50% of the total fee based upon his proportional contribution to plaintiff's ultimate recovery. The incoming attorneys assert that the fee was, and should have been, based upon quantum meruit, and further that the award of $10,500 was appropriate in that regard, or as a contingency fee.

The underlying litigation involves a claim by Jonathan Pearl and his wife, Judith Pearl. On February 8, 1983, Mr. Pearl sustained injuries when he fell in a space between the platform and a train at Pennsylvania Station. They subsequently retained respondent, executing a standard retainer agreement providing for payment of a contingency fee of one third of any recovery. Respondent commenced an action, drafted, served and reviewed various pleadings, conducted motion practice and discovery, appeared at depositions of plaintiff and defendant, and ultimately placed the case on the Trial Calendar. On April 3, 1985, prior to trial, plaintiffs discharged respondent, without cause, but rather due to "our personal feeling of wanting a new lawyer."

In May 1985, plaintiffs retained petitioners. Petitioners wrote to respondent advising him that they had been retained and requesting respondent's files; they also paid respondent's disbursements and notified him that he would be paid, from the proceeds of plaintiffs' suit, "whatever amount is awarded as attorney's fees based on *quantum meruit.*"

Respondent, in a letter dated July 2, 1985, declined to cash petitioners' check and further declined to release his file.

Moreover, respondent unequivocally stated that he did not and would not agree to accept a fee based upon quantum meruit; later correspondence reaffirmed his position in this regard. Petitioners ultimately brought a motion before Supreme Court to compel respondent to release his file. By order dated October 19, 1985, Supreme Court (Smith, J.), in addition to directing respondent to release his file to petitioners, ordered "that the fee of the outgoing attorney is reserved for fixation by agreement or the trial court upon termination of the action, or its settlement, and that said outgoing attorney is to have in the meantime an indeterminate lien against the file to insure payment of his fee when determined."

Petitioners conducted additional trial preparation, some of which merely served to ultimately confirm work that respondent had done, and subsequently tried plaintiffs' case. Plaintiffs prevailed, and were awarded a judgment in the amount of $361,329.97.* The total award of attorneys' fees was $114,417.78, which included disbursements by petitioners of $12,500, leaving a net fee of $101,917.78. The total fee award was held in escrow, in an interest-bearing account, pending determination of the division of the fee.

Petitioners moved, before the IAS court, which had presided over plaintiffs' trial, to fix respondent's legal fee. The court set the matter down for a hearing before a Judicial Hearing Officer. The Judicial Hearing Officer recommended that respondent be paid a fee in the amount of $10,500 based upon his estimation that respondent expended, at most, 70 hours of pretrial preparation, and should be compensated at a flat rate of $150 per hour. The record clearly reflects that the fee award was made on the basis of quantum meruit. Although the IAS court stated that the Judicial Hearing Officer incorrectly awarded respondent an hourly fee, it nevertheless confirmed the amounts and proportions of the award, which respondent now appeals.

While under New York law, a client may discharge his attorney at any time, either with or without cause *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457; *Matter of Montgomery,* 272 NY 323, 326; *Reubenbaum v B. & H. Express,* 6 AD2d 47, 48), this does not bar the outgoing attorney from recovering a fair and reasonable fee as compensation for services rendered. *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d, *supra,* at 457; *Rebello v City of New York,* 135 AD2d 473; *see also, Matter of Levy,* 111 AD2d 849, 850.) Where the

* This judgment was not appealed, and was subsequently paid.

dispute regarding the fee is between the incoming and outgoing attorneys, the outgoing attorney may elect to be compensated either on the basis of quantum meruit for the reasonable value of the services rendered or, in the alternative, a contingent percentage fee on the basis of the proportional share of work performed on the case. *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d, *supra,* at 458.)

In the matter herein, only a tortured reading of the correspondence between the parties would even hint that respondent did anything other than elect a contingent percentage fee of the ultimate recovery. Thus, as the IAS court correctly noted, the Judicial Hearing Officer erred in recommending an hourly fee award to respondent. However, the IAS court was incorrect in awarding petitioners over 90% of the fee, while apportioning respondent a mere 9% to 10%—which was, curiously, exactly the amount awarded by the Judicial Hearing Officer. While it is undeniable that petitioners conducted the trial which resulted in the plaintiffs' verdict, and subsequently ensured payment of the recovery to plaintiffs, the IAS court unduly minimized respondent's documented role and services rendered in the case. *(See, Rebello v City of New York,* 135 AD2d, *supra,* at 474; *cf., Oberman v Reilly,* 66 AD2d 686, 687 [fee to be divided upon appropriate proof that outgoing attorney "performed some work, labor or services which contributed toward the earning of the fee"].)

Our review of the record satisfies us that the determination of the IAS court was unsupported by the record and constituted an improvident exercise of discretion. *(Cf., Lai Ling Cheng v Modansky Leasing Co.,* 153 AD2d 839, *on remand from* 73 NY2d 454, *supra* [awarding 20% to attorney who was discharged prior to commencement of action].) Accordingly, we modify to the extent of awarding respondent one third of the net fee after deducting petitioners' disbursements of $12,500, as well as respondent's disbursements. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.