■ In the Matter of the Estate of EDITH L. GAJEWAY, Deceased. JOHN P. WEATHERWAX, Respondent; CHARLES R. GAJEWAY, as Executor of EDITH L. GAJEWAY, Deceased, Appellant.—Harvey, J. Appeal from a decree of the Surrogate's Court of Rensselaer County (Ceresia, Jr., S.), entered February 23, 1989, which granted petitioner's application, in a proceeding pursuant to SCPA 2110, for counsel fees for legal services rendered to decedent's estate.

Decedent, Edith L. Gajeway, died in July 1986 leaving a last will and testament devising all of her property to her husband, respondent, and naming him as the executor of her estate. In September 1986, respondent retained petitioner to perform all of the legal services necessary to probate the will and settle the estate having a gross value of over $500,000. Upon completion of his duties in March 1988, petitioner submitted a bill to respondent for legal services in the sum of $8,000.* Respondent tendered no payment and petitioner then applied to Surrogate's Court for a decree fixing and determining his fees and directing payment of the same. After a hearing, Surrogate's Court issued a decree granting petitioner the relief requested. The court noted in its decision that it found the reasonable value of petitioner's services to be over $12,000, but, in view of the fact that petitioner had only requested $8,000, set the fee in that amount. This appeal by respondent followed.

We affirm. Respondent's assertion that Surrogate's Court abused its discretion in granting petitioner's requested fee is without merit. Under SCPA 2110, it is the ultimate responsibility of Surrogate's Court to decide what constitutes reasonable compensation *(see, Matter of Gates,* 120 AD2d 890, 891).

---

* The fee was originally computed to be $12,000 but petitioner reduced it to $8,000 in view of his long-standing association with respondent.

In determining the reasonableness of an attorney's claim for services rendered in an estate matter, the court should, in general, "consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" *(Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593).

Here, it is apparent that Surrogate's Court properly reviewed the relevant factors and came to a fair decision. Although the time spent on these cases is not dispositive, it should be noted that petitioner worked over 88 hours in this matter. Significantly, respondent does not dispute petitioner's excellent reputation as an attorney well practiced in estate work, nor does respondent dispute that petitioner's work was performed to respondent's satisfaction. Instead respondent principally contends that the difficulty involved in the estate was insufficient to justify the fee. However, although decedent's will was not complicated, the estate was an extensive one with varied assets. Among other results, petitioner was instrumental in obtaining a refund of over $4,000 for the estate that respondent had mistakenly sent to State taxing authorities on the advice of an accountant retained prior to the time petitioner was hired. Finally, we note that the record contains a Federal estate tax return signed by respondent which lists petitioner's fee at $12,000.

Under these circumstances, the amount awarded was neither excessive nor unreasonable and we find no basis for disturbing the discretion exercised by Surrogate's Court *(see, Matter of Gates, supra,* at 891-892; *Matter of Levy,* 111 AD2d 849).

Decree affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.