■ BILLY DAVIS, Plaintiff, v T.F.D. BUS COMPANY et al., Defendants. THE LAW OFFICE OF TODD J. KROUNER, Nonparty Appellant; BARTON BARTON & PLOTKIN, LLP, Nonparty Respondent. [901 NYS2d 16]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 6, 2009, which, to the extent appealed from, awarded petitioner 0% of the net attorney fees arising out of the underlying personal injury action, unanimously reversed, on the facts, without costs, and petitioner awarded 10% of the net attorney fees.

The record does not support the court's finding that petitioner law firm is not entitled in quantum meruit to any portion of the net attorney fees earned in the settlement of the personal injury action (*see generally Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454 [1989]; *Pearl v Metropolitan Transp. Auth.*, 156 AD2d 281 [1989]). It demonstrates that for 22 months petitioner had sole responsibility for the personal injury case, and that during that time the associate who brought the personal injury matter to the firm attended court appearances, assembled records, filed a bankruptcy claim, discussed settlement and corresponded with appropriate parties, and counseled the injured plaintiff with respect to his medically recommended spinal surgery. While the 5% share of the net attorney fees awarded by the court to the associate was predicated upon an agreement with the previous firm, nonparty respondent Barton Barton & Plotkin, LLP, the associate's testimony and the documents in the case file establish that he spent a significant amount of time

on the matter while at petitioner law firm. The court's finding that the firm was not entitled to a share of the net attorney fee in part because its principal apparently did little work on the case would seem to ignore the firm's operating structure. We note, however, that the record reflects that petitioner's work on the case, in contrast to that of the Barton firm, was but a small percentage of the total legal work performed on the case, and we fix petitioner's award accordingly.

Assuming without deciding that petitioner's argument that the Barton firm committed ethical violations and should forfeit its right to attorney fees is properly before this Court, we reject it on the merits. Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ.