OPINION OF THE COURT
Edward W. McCarty III, J.
Before the court is a petition pursuant to EPTL 10-6.6 (j) (1) seeking the court’s approval of the transfer of assets (decanting) from an existing lifetime trust (the invaded trust) to a new supplemental needs trust (the appointed trust) for the primary benefit of Daniel Schreiber, the intended beneficiary of the invaded trust. The guardian ad litem appointed to represent *956 Daniel’s interests has filed a report and a supplemental report, wherein he recommends approval of the petition. Objections were interposed by the Attorney General of the State of New York (the AG) on behalf of the New York State Department of Health, the state agency responsible for overseeing the Medicaid program in New York.
The original trust agreement was settled on December 17, 1992 by Moses Ratowsky as the grantor and Rachel Schreiber and Alan D. Kroll as the trustees for the benefit of the grantor’s grandson, Daniel Schreiber, Rachel’s then 19-month-old son. Moses Ratowsky died in 2008. The original trustees are still serving. The instant petition is brought solely by trustee Alan D. Kroll. Daniel, who is now 21 years of age, suffers from several disabilities and is the recipient of Medicaid and Supplemental Security Income benefits. At the time of the creation of the invaded trust, Daniel was an infant and had not yet exhibited any of the conditions from which he now suffers. The purpose of the purported decanting is to maintain Daniel’s eligibility for government benefits while utilizing the trust assets for his supplemental needs, with the remainder to be payable to Daniel’s issue, per stirpes, or if he has no issue, then to his living siblings, per stirpes.
The invaded trust was fully discretionary as to income and principal payments while Daniel was a minor. Upon Daniel’s attaining the age of 21, however, the trustees are directed to make payments of income to Daniel at least quarterly and are to distribute one third of the principal to Daniel upon attaining age 25, one half of the then-remaining principal upon Daniel attaining age 30, and a final distribution of all remaining principal upon Daniel attaining the age of 35. The invaded trust also permits Daniel, upon attaining the age of 21, to withdraw all or any part of the trust principal.
Daniel attained the age of 21 on May 7, 2012. The AG argues, and the petitioner concedes, at least absent an intervening circumstance, that Daniel’s right to withdraw all or part of the trust principal, estimated at approximately $400,000, would render him ineligible for Medicaid and other government benefits. However, as permitted by EPTL 10-6.6 (b), the trustees purportedly appointed the trust principal from the invaded trust to the appointed trust prior to Daniel’s birthday. Whether or not that purported appointment was valid is the salient issue in this case.
*957 First, the AG argues that the decanting is ineffective because the trustees were not “authorized trustees” as that term is defined in the statute. Pursuant to EPTL 10-6.6 (s) (2),
“[t]he term ‘authorized trustee’ means, as to an invaded trust, any trustee or trustees with authority to pay trust principal to or for one or more current beneficiaries other than (i) the creator, or (ii) a beneficiary to whom income or principal must be paid currently or in the future, or who is or will become eligible to receive a distribution of income or principal in the discretion of the trustee (other than by the exercise of a power of appointment held in a non-fiduciary capacity).”
The AG argues that because Daniel is a beneficiary who meets the description of the beneficiary contained in clause (ii), the trustees of the invaded trust cannot be “authorized trustees” under the statute. The court disagrees. As petitioner’s counsel points out, if the AG’s interpretation of the statute prevails, it would render virtually all trustees unable to qualify as “authorized trustees” under the statute. The correct interpretation is that any trustee is an “authorized trustee” except for a trustee who is also either the creator of the trust or a beneficiary as described in clause (ii) (see 5-10 Rohan, NY Civ Prac EPTL It 10-6.6 [2] [a] [1]).
Next, the AG argues that because Daniel’s right to demand a principal distribution vested in him on his 21st birthday, any appointed trust would be a self-settled trust and, as such, is required to contain a payback provision such that the remainder of the trust is paid to the state for reimbursement of medical expenses paid on behalf of Daniel, up to the total value of all medical expenses provided (Social Services Law § 366 [2] [b] [2] [ii], [in]). The AG argues that the appointed trust does not contain such a provision and therefore does not qualify as a supplemental needs trust, again rendering Daniel ineligible for Medicaid and other benefits.
The petitioner argues that the decanting to the appointed trust became effective prior to Daniel having attainted the age of 21 and that the appointed trust is therefore not a self-settled trust and is not required to contain a payback provision. Pursuant to EPTL 10-6.6 (j),
“[t]he exercise of the power to appoint to an appointed trust under paragraph (b) or (c) of this section shall be evidenced by an instrument in writing, signed, dated and acknowledged by the authorized *958 trustee. The exercise of the power shall be effective thirty days after the date of service of the instrument as specified in subparagraph (2) of this paragraph, unless the persons entitled to notice consent in writing to a sooner effective date.”
On May 1, 2012, both trustees executed a notice of exercise of power of appointment duly dated, signed and acknowledged. Thus, according to the statute, the exercise of the power to appoint would become effective on May 31, 2012, after Daniel’s 21st birthday, unless the persons entitled to notice consented in writing to a sooner effective date. Daniel as the only current and the presumptive remainder beneficiary of the invaded trust was the only person required to receive notice (EPTL 10-6.6 Q] [1], [2]).
The invaded trust provides, in section 8, “[t]he parent or guardian of a beneficiary under disability shall receive notice and have authority to act for the beneficiary under this agreement.” Section 8 precluded the grantor from so acting on behalf of the beneficiary and also precluded any parent of the beneficiary who was also a trustee from so acting.
On May 2, 2012, Richard Schreiber, Daniel’s father, a non-trustee, executed a consent regarding effective date of exercise of power of appointment to decant, by which he consented that the appointment of the trust principal from the invaded trust to the appointed trust be effective “immediately.” Daniel attained age 21 five days later, on May 7, 2012.
In the absence of the provision contained in section 8 of the invaded trust, the court would have found that a consent would had to have been executed by Daniel’s guardian. However, pursuant to section 8, the grantor of the invaded trust provided that a parent or guardian who was not also a trustee “shall. . . have authority to act for the beneficiary under this agreement.”
Based on the foregoing, the court determines that: (1) the trustees of the invaded trust are “authorized trustees” within the meaning of EPTL 10-6.6 (s); (2) the trustees complied with all statutory requirements for the effective exercise of the power of appointment contained in the invaded trust; (3) the execution by Richard Schreiber of the consent regarding effective date of exercise of power of appointment to decant was effective to shorten the otherwise-applicable 30-day notice period; (4) the decanting of the trust assets from the invaded trust to the appointed trust was effective May 2, 2012, prior to Daniel attaining the age of 21; (5) the appointed trust is therefore a third- *959 party supplemental needs trust; and (6) there is, therefore, no requirement of a payback provision in the appointed trust.
The court must also determine a reasonable fee for the services provided by the guardian ad litem. In evaluating the cost of legal services, the court may consider a number of factors. These include: the time spent (Matter of Kelly, 187 AD2d 718 [1992]); the complexity of the questions involved (Matter of Coughlin, 221 AD2d 676 [1995]); the nature of the services provided (Matter of Von Hofe, 145 AD2d 424 [1988]); the amount of litigation required (Matter of Sabatino, 66 AD2d 937 [1978]); the amounts involved and the benefit resulting from the execution of such services (Matter of Shalman, 68 AD2d 940 [1979]); the lawyer’s experience and reputation (Matter of Brehm, 37 AD2d 95 [1971]); and the customary fee charged by the bar for similar services (Matter of Freeman, 34 NY2d 1 [1974]; Matter of Potts, 123 Misc 346 [Sur Ct, Columbia County 1924], affd 213 App Div 59 [4th Dept 1925], affd 241 NY 593 [1925]). Here, the guardian ad litem attended conferences; reviewed the petition, objections and other supporting documents; and prepared a report and supplemental report. He avers that he devoted 25 hours to this proceeding and that his usual and customary hourly rate is $200. Considering all of the foregoing, the court awards the guardian ad litem a fee of $5,000 which shall be paid within 30 days of entry of the decree.