■ In the Matter of the Estate of JAY B. RAPPAPORT, Deceased. ALFRED D. RAPPAPORT, Appellant; CHARMI MIRSKY et al., Respondents.—In a proceeding for a judicial settlement of the account of the fiduciaries of the estate of Jay B. Rappaport, deceased, Alfred D. Rappaport appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Nassau County (Harrington, S.), dated December 6, 1988, which, after a hearing, inter alia, settled the account of Charmi Mirsky and Bertram Harnett.

Ordered that the decree is affirmed insofar as appealed from, with one bill of costs payable by the appellant personally.

The decedent died May 22, 1976. He was survived by his wife, two daughters, i.e., Charmi Mirsky and Gay Fehrenbach, now deceased, and a son, the appellant. By his will, he left the family residences to his wife. He bequeathed the residuary estate in two parts. Part I consisted of a marital share of 50% of the adjusted gross estate, bequeathed to his wife. Part II, the balance of the residuary estate, was divided in equal shares among his three children. The decedent's wife assigned her marital share to the appellant. For over 10 years, the estate has been subjected to protracted litigation which has generated enormous legal fees (see, e.g., Matter of Rappaport, 121 Misc 2d 447).

The appellant contends that the court improperly refused to permit him to represent himself at the hearing. In a prior proceeding regarding the administration of this estate, the Surrogate (Radigan, S.), in a lengthy decision, expressed countless reasons for not permitting the appellant to represent himself. For instance, during a hearing before Surrogate Radigan the appellant physically assaulted an attorney and so disrupted the proceedings that the court was required to request three court officers from the County Court in addition to the Surrogate Court's own court officer to attend several sessions to aid in keeping order (see, Estate of Rappaport, NYLJ, June 29, 1981, at 16, col 3). The record amply shows

the appellant's disrespect for the court and also demonstrates that, in seeking to represent himself, he was not acting in good faith, but was rather attempting to disrupt the proceedings (see, People v McIntyre, 36 NY2d 10). Acting Surrogate Harrington mistakenly announced that the doctrine of law of the case prevented the appellant from appearing in his own behalf in any later proceedings, because the law of the case doctrine applies to legal rulings rather than discretionary findings (see, People v Wright, 104 Misc 2d 911). Nonetheless, there is ample justification in the record to support the Acting Surrogate's determination that the appellant could no longer represent himself in any proceeding in connection with the administration of this estate. We note that the appellant was ably represented by counsel at the hearing, although his attorneys appeared for him only in his fiduciary capacity.

We also reject the petitioner's contention that he was entitled to a jury trial regarding the issue of whether he misappropriated $115,000 of the funds of the estate. There is no right to a jury trial where the cause of action is to recover damages for a breach of fiduciary duty, which sounds in equity (see, Trepuk v Frank, 104 AD2d 780; Matter of Coyle, 34 AD2d 612).

The appellant argues that a stipulation entered into on December 27, 1983 is unenforceable. Paragraph 4 of that stipulation provides: "The parties agree that the estate assets will be distributed to the beneficiaries in the proportions agreed to herein within 60 days except for a reserve to be held in the estate for income and estate taxes, creditors' claims and other liabilities". Owing to the acrimonious relationship between the appellant and his sisters, no agreement could be reached regarding the amount of the reserve fund. On April 30, 1984, Surrogate Radigan ordered that a reserve fund be created in the amount of $1,757,850, and the remainder of the estate be distributed among the three siblings. The appellant claims that the 60-day deadline set forth in the stipulation established that time was of the essence and, thus, the stipulation was materially breached, abrogated and abandoned at the expiration of the 60-day period. He further claims that the stipulation was an agreement to agree and the court lacked the power to impose an amount to be set aside in the reserve fund that was never voluntarily agreed to by the parties to the contract. However, there is ample support in the record for the court's conclusion that the December 27, 1983 stipulation did not make time of the essence (see, Lusker v Tannen, 90 AD2d 118, 124). Further, "[a] contract does not necessarily

lack all effect merely because it expresses the idea that something is left to future agreement" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 317). Surrogate Radigan's setting an amount to be set aside in the reserve fund did not vitiate the stipulation, since the Surrogate has broad discretion to "make such order or decree as justice shall require" (SCPA 2211 [1]).

The appellant further contends that Acting Surrogate Harrington failed to apply the correct rule in awarding counsel fees. There is no hard and fast rule for determining reasonable compensation, but a Surrogate, in exercising this power, must do so "with reason, proper discretion and not arbitrarily" *(Matter of Brehm,* 37 AD2d 95, 97; *Matter of Levy,* 111 AD2d 849, 850; *see also, Matter of Wilhelm,* 88 AD2d 6, 12). "In general the court, in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" *(Matter of Potts,* 213 App Div 59, 62; *accord, Matter of Freeman,* 34 NY2d 1, 9). The awards of attorneys' fees in this heavily litigated estate matter were not an improvident exercise of discretion. Further, a surcharge of 15% of all legal fees incurred from April 30, 1984 was properly imposed upon the appellant for his "specious claims and baseless accusations".

We have considered the appellant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.