■ LEYA BRONSTEIN, Respondent, v DAVID H. BRONSTEIN, Appellant. [610 NYS2d 638] —Yesawich Jr., J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an amended judgment of the Supreme Court (Miller, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered May 1, 1992 in Orange County, upon a decision of the court, (2) from an order of said court, entered June 5, 1992 in Orange County, which, *inter alia,* upon reargument, adhered to a prior decision denying defendant's motion to allow visitation with the parties' children outside the country, (3) from an order of said court, entered July 13, 1992 in Orange County, which, *inter alia,* partially granted plaintiff's motion to enter judgment against defendant for unpaid counsel fees, and (4) from the judgment entered on the July 13, 1992 order.

Married in 1982, the parties have two children, a daughter born in 1983 and a son born in 1985. Plaintiff commenced this divorce action in 1991 and, during trial, the parties were able to come to agreement on several issues, including custody (plaintiff has sole custody of both children) and the distribution of some of the parties' marital property. As for the issues on which no agreement was reached, the parties placed their positions on the record and the determination was left to Supreme Court.

On March 27, 1992, Supreme Court issued a decision and, on May 1, 1992, an amended judgment was entered granting both parties a divorce and addressing the remaining ancillary issues of child support, certain aspects of childcare and visitation, equitable distribution, maintenance and counsel fees. Defendant appeals from that judgment, and also from an order adhering, on reargument, to the court's earlier order denying his motion for permission to take the children out of the country, refusing to vacate its prior judgment, and ordering defendant to pay counsel fees incurred by plaintiff's attorney and the Law Guardian in defending against the motion. He also appeals from an order granting plaintiff's motion for a

judgment for unpaid counsel fees and from the judgment entered thereon.

Defendant takes issue with many aspects of Supreme Court's orders and judgments, of which only a few warrant discussion. With respect to the child support award, it is defendant's contention that Supreme Court erred in failing to deduct from his income the amount paid to plaintiff for maintenance, in failing to consider the reduction in interest income that will result from the diminution of principal in his investment accounts when he pays the court-ordered amounts (totaling approximately $13,300) for the fees of plaintiff's counsel and the Law Guardian, in failing to reduce the amount awarded to account for expenses he would incur as a result of the children's visitation with him, and in failing to make an explicit determination of the amount of reasonable childcare expenses of which he is to pay a pro rata amount.

Although defendant is not entitled to a reduction for expenses of visitation, for he has not demonstrated that his payments will reduce plaintiff's expenses (see, Domestic Relations Law § 240 [1-b] [f] [9] [ii]), his other arguments have some merit. Whether defendant expends a portion of the principal of his investment accounts to pay the ordered fees, or borrows and incurs interest payments as plaintiff suggests, his net income will be reduced by the interest on such amounts. Supreme Court has found 5% to be a reasonable rate at which to calculate interest income, and therefore defendant's annual interest and dividend income should be reduced by $665 ($13,300 × 5%), or $26 on a biweekly basis.

Furthermore, where, as here, one party is ordered to pay both durational maintenance and child support, that party's income should be reduced by the amount of maintenance paid for the purpose of calculating the child support obligation, and provision should be made to adjust the child support payments as the amount of maintenance changes (see, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; Tarascio v Tarascio, 183 AD2d 890, 891; Lenigan v Lenigan, 159 AD2d 108, 111). This reduction in defendant's biweekly income brings his portion of the parties' child support obligation to $479 every two weeks while he is paying $125 in weekly maintenance; to $492 when the maintenance is reduced to $100 per week; to $504 when it is reduced to $75 per week; and to $542 after maintenance payments cease. These amounts represent roughly 64% of the parties' total obligation when maintenance is being paid and 66% thereafter.

As for child care expenses, plaintiff testified that she was paying $50 per week for childcare at the time of trial, and that she might have to pay as much as $150 per week if the children had to return to a particular day care center they had previously attended. Thus, rather than an open-ended obligation to pay a portion of "reasonable" childcare expenses, defendant should have been ordered to pay 64% of the amount actually incurred by respondent for this purpose, up to a maximum of $96 per week ($150 × 64%) (see, Domestic Relations Law § 240 [1-b] [c] [4]), with the percentage increasing to 66% when maintenance payments end. Although Supreme Court also divided the marital indebtedness and responsibility for the Law Guardian's fees in the same proportions as the child support obligation, we find no reason to adjust these distributions on the basis of the temporary reduction in defendant's obligation provided for herein. Thus, defendant will remain responsible for 66% of the Law Guardian's fees and for 66% of the marital debt.

With respect to Supreme Court's orders regarding overseas travel, visitation, and defendant's input into decisions regarding the children's extracurricular activities and religious training, we find them to be proper, with the exception of the failure to include certain holidays in the visitation schedule. Notably, the parties agreed that plaintiff was to have sole legal custody of the children; in this situation shared decision making on such prosaic matters as the children's day-to-day extracurricular activities would not be a felicitous arrangement (cf., Trapp v Trapp, 136 AD2d 178, 180-183). Moreover, the parties agree that the children are to be raised in the Jewish faith, and they are currently attending a religious school that was selected by, and acceptable to, both parties. Under these circumstances, Supreme Court's refusal to intervene in religious matters is appropriate. With regard to travel, the court's decision does not prohibit overseas travel; it simply makes both parties' consent or court permission a prerequisite, and in view of defendant's insistence upon taking the children to Israel for three weeks despite the Law Guardian's opinion that such a lengthy stay will not be in the children's best interest, there is nothing inappropriate in this portion of the judgment.

As for holiday visitation, we find the schedule devised by Supreme Court to be reasonable in most respects; as noted by plaintiff, inclusion of special provisions for all of the minor holidays suggested by defendant would be unnecessarily dis-

ruptive of the children's lives and would render the usual alternate weekend schedule meaningless. Inasmuch as Chanukah extends over eight days, however, some provision should be made for overnight visitation with both parties during this holiday if they would not otherwise be entitled to it (for example, if the festival begins midweek and encompasses a weekend the children are to spend with plaintiff, or if it falls entirely within a school holiday that is to be spent with one party). Memorial Day is celebrated on a Monday, thus creating a three-day spring weekend during which family activities are commonly enjoyed; this holiday should also be alternated between the parties, with defendant having the children for the three-day weekend in even years, as was agreed upon by the parties.

Defendant's other arguments are ineffective for they either have an insufficient evidentiary basis in the record, were not raised before Supreme Court, are complaints about the manner in which the court exercised its discretion—a lament with which we do not agree—or are simply lacking in merit.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the amended judgment is modified, on the law, without costs, by reversing so much of the third decretal paragraph as directed defendant to pay $544 in child support biweekly; said paragraph is modified to provide that defendant shall pay $479 in child support biweekly during the period he is obligated to pay maintenance in the amount of $125 per week, $492 biweekly during the period he is obligated to pay $100 per week for maintenance, $504 biweekly during the period he is obligated to pay $75 per week for maintenance, and $542 biweekly after all maintenance obligations cease; the fourth decretal paragraph is modified to provide that defendant shall pay 64% of the child care costs actually incurred by plaintiff while maintenance is payable, not to exceed $96 per week, and shall pay 66% of said costs thereafter, not to exceed $99 per week; the 63rd decretal paragraph is modified to provide that plaintiff shall have the children during the Memorial Day weekend in odd-numbered years; the 64th decretal paragraph is modified to provide that defendant shall have the children during the Memorial Day weekend in even-numbered years; and a paragraph is added as follows: Ordered, adjudged and decreed that if, in a given year, Chanukah falls in such a manner that either party will not otherwise have the children for an overnight visitation during that holiday, that party will be entitled to have visitation with the

children for two consecutive nights of Chanukah, to be agreed upon in advance by the parties; and, as so modified, affirmed. Ordered that the orders and judgment are affirmed, without costs.