■ Thomas C. McCauley, as Special Administrator of the Estate of Carol Drumm, Deceased, Respondent, v Albert T. Drumm, Appellant. [629 NYS2d 838] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Smyk, J.) ordering equitable distribution of the parties' marital property, entered November 1, 1993 in Delaware County, upon a decision of the court.

The parties, married March 2, 1974, executed a separation agreement on January 2, 1990. Plaintiff* commenced this action in October 1990 seeking divorce, rescission of the separation agreement, maintenance, counsel fees and such other relief as deemed proper. Supreme Court, by order entered April 7, 1992, granted the divorce and directed that the issues of rescission and, if necessary, equitable distribution be tried before the court without a jury. Trial of the rescission issue was held on April 17, 1992 and, by order dated August 5, 1992, Supreme Court rescinded the separation agreement. Defendant filed a notice of appeal from the August 5, 1992 order but the appeal was dismissed upon defendant's default by order of this Court entered January 28, 1993. The issue of equitable distribution was then tried on various dates and Supreme Court, by order entered November 1, 1993, directed equitable distribution of the parties' marital assets together with an award of counsel fees to plaintiff's counsel. Defendant appeals.

Initially, we note that the dismissal of defendant's appeal from the order granting rescission of the separation agreement for failure to prosecute the appeal "acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal" (*Bray v Cox*, 38 NY2d 350, 353; *see*, *Matter of Crescenzi*,

---

* Carol Drumm, the original plaintiff in this action, died while this appeal was pending and will hereinafter be referred to as plaintiff. The caption of this action was thereafter amended by stipulation to continue the action in the name of the Special Administrator of her estate.

64 NY2d 774). Consequently, arguments relating to the merits of the order rescinding the separation agreement will not be considered (*see, Tayar v Tayar*, 208 AD2d 609; *see also, Marcello v Marcello*, 92 AD2d 687, *lv dismissed* 59 NY2d 602).

Defendant contends that Supreme Court erred in making a distributive award of real property valued at $65,000 in lieu of an award of maintenance of $200 per week for a period of six years (i.e., $62,400) because of defendant's failure to comply for over two years with prior court orders directing payment of temporary maintenance to plaintiff; we agree. Review of Domestic Relations Law § 236 (B) (5) *et seq.* indicates that ordinarily the statutory scheme calls for equitable distribution of marital property before determining any maintenance award. The distribution of property is treated first, then the court is to consider, *inter alia*, "marital property distributed pursuant to subdivision five of this part" (Domestic Relations Law § 236 [B] [6] [a] [1]). Further, the award of maintenance is to terminate upon the death of either party or upon the recipient's valid or invalid marriage (*see*, Domestic Relations Law § 236 [B] [6] [c]). Although a distributive award of real property may be made under the statute where the distribution of certain assets would be impractical (*see, e.g., Gramatyka v Gramatyka*, 203 AD2d 913; *Ferlo v Ferlo*, 152 AD2d 980, 981-982), such an award was inappropriate and an abuse of Supreme Court's discretion in the circumstances of this case where the distribution of the real property was apparently to preempt future maintenance enforcement problems. An award of a weekly amount of durational or nondurational maintenance would, however, be appropriate. Thus, based on Supreme Court's prior finding that plaintiff was entitled to $200 maintenance per week, plaintiff should be awarded payment of back maintenance to the date of her death (*see*, Domestic Relations Law § 236 [B] [6] [c]).

Defendant's claim, that Supreme Court abused its discretion in finding the value of the parties' 1984 Mercedes Benz automobile to be $65,000 based on plaintiff's testimony that defendant stated to her when he purchased the auto that it was worth $65,000 because it was a special model, is without merit. While defendant had averred in his statement of net worth that the Mercedes was worth $22,000, Supreme Court could properly consider his out-of-court statement of value to plaintiff as an admission (*see*, Richardson, Evidence § 218, at 195 [Prince 10th ed]) creating a credibility question for the factfinder to resolve (*compare, Wilkinson v Wilkinson*, 149 AD2d 842). Defendant had the opportunity to explain the inconsistency but

did not do so. Thus, we cannot say that Supreme Court abused its discretion in its determination of the value of the parties' Mercedes (*see, Kellogg v Kellogg*, 185 AD2d 426, 427; *see also, Fassett v Fassett*, 101 AD2d 604, 605).

Finally, defendant's argument that Supreme Court abused its discretion in awarding counsel fees of $9,744.60 to plaintiff's counsel in addition to interim counsel fees of $10,000 incurred during the action solely on the basis of an ex parte affidavit of plaintiff's counsel is meritorious. Standards of fair play and substantial justice require that notice be provided to the non-moving party where an application for counsel fees is submitted after trial (*see*, 2 Foster, Freed and Brandes, Law and the Family § 3:45, at 462 [2d ed]; *compare, Marocco v Marocco*, 53 AD2d 707, 708). Ordinarily, a party is entitled to an evidentiary hearing on counsel fees in an adversarial setting (*see, Sadofsky v Sadofsky*, 78 AD2d 520, 521; *see also, Tarpinian v Tarpinian*, 160 AD2d 1063, 1065). The issue of counsel fees should therefor be remitted to Supreme Court for determination on proper notice and proof.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, by reversing so much thereof as (1) granted plaintiff a distributive award of title and possession to real property located at Seneca Street in the Town of Sidney, Delaware County, and (2) granted counsel fees to plaintiff's counsel; plaintiff's estate is awarded $200 per week from the date of entry of the judgment to the date of plaintiff's death, and matter remitted to the Supreme Court for further proceedings on the issue of counsel fees; and, as so modified, affirmed.