■ LISA A. PETEK, Appellant, v BOJAN PETEK, Respondent, and JUDITH R. RICHMAN, Appellant. [657 NYS2d 738] —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 15, 1996, which denied her motion pursuant to CPLR 4404 to set aside those portions of the court's posttrial decisions which dealt with custody, maintenance, and child support issues, and (2) as limited by her brief, from so much of a judgment of the same court, entered January 18, 1996, as (a) awarded sole custody of the parties' infant son to the defendant father, (b) imputed $30,000 in annual income to the plaintiff and directed the plaintiff make payments to the defendant for child support based on that figure, (c) modified downward the defendant's pendente lite support obligation and awarded him retroactive credit for the amount overpaid, (d) ordered the plaintiff to bear 80% of the fee of the court-appointed Law Guardian, including 80% of a $5,000 retainer for services to be rendered in the future, (e) ordered the plaintiff to pay $30,000 in counsel fees to the defendant, and (f) ordered the plaintiff and the defendant to bear equally the fee of the court-appointed forensic expert; and the plaintiff's counsel, Judith R. Richman, separately appeals from an order of the same court, entered December 5, 1995, which imposed sanctions upon her in the amount of $700.

Ordered that the appeal from the order entered February 15, 1996, is dismissed, without costs or disbursements, as no appeal lies from an order which decides a motion to set aside a decision (*see, McComish v McComish,* 227 AD2d 454); and it is further,

Ordered that the order entered December 5, 1995, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment entered January 18, 1996, is modified, on the law, by deleting the 10th, 11th, 15th, 18th, 22nd,

and 26th decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith.

The trial court properly determined that, in light of the totality of the circumstances, the best interests of the parties' child were served by awarding custody to the defendant (see, Eschbach v Eschbach, 56 NY2d 167, 171; Fanelli v Fanelli, 215 AD2d 718, 719). This determination, like any custody determination, turned in large part upon the trial court's assessment of the credibility, character, temperament, and sincerity of the trial witnesses and the parties (see, Fanelli v Fanelli, supra). Where the trial court has conducted a full evidentiary hearing on the issue of the child's best interests, the resultant findings are to be accorded great weight and are not to be set aside lightly on appeal (see, Ira K. v Frances K., 115 AD2d 699). Moreover, the trial court did not improvidently exercise its discretion in limiting the plaintiff's rebuttal case where the proposed testimony was redundant and could have been presented during her direct case (see, Matter of Scheriff v Scheriff, 221 AD2d 450, 451).

The court did err, however, in calculating the plaintiff's child support obligation based on an imputed income of $30,000 per year. While it is well settled that a court may determine a child support obligation on the basis of a party's earning potential, rather than the party's current economic situation (see, Hickland v Hickland, 39 NY2d 1, cert denied 429 US 941; Kay v Kay, 37 NY2d 632, 637; Carr v Carr, 171 AD2d 776, 777; Gunn v Gunn, 143 AD2d 393, 395), the calculation of the party's earning potential must have some basis in law and fact (see, Martusewicz v Martusewicz, 217 AD2d 926, 927). Here, there was no evidence in the record to support a conclusion that the plaintiff could earn an annual salary of $30,000. We therefore remit this matter to the Supreme Court for a recalculation of the plaintiff's child support obligation.

It was also error for the court to award the defendant retroactive credits as a result of a downward modification of his pendente lite maintenance and child support obligations. While a party in a matrimonial action may request the downward modification of a temporary maintenance or child support award when that party can demonstrate financial hardship (see, Domestic Relations Law § 236 [B] [6], [9] [b]), such a downward modification may operate only prospectively (see, Stone v Stone, 152 AD2d 560). The defendant was therefore not

entitled to the overpayment credits given to him by the trial court.

It was also error for the trial court to award the defendant $30,000 in counsel fees without first conducting a full evidentiary hearing on the issue. Even though the relative financial positions of the parties were thoroughly examined at trial, there is no indication of how the court arrived at the figure of $30,000 or whether that figure had any relationship to the defendant's legitimate legal bills. A hearing is therefore necessary as a " 'meaningful way of testing the [attorney's] claims relative to time and value' " (*Price v Price*, 113 AD2d 299, 309, *affd* 69 NY2d 8; *Sadotsky v Sadotsky*, 78 AD2d 520, 521).

The court's determination and apportionment of the Law Guardian's fee was not improper (*see, Hughes v Hughes*, 224 AD2d 389). There was, however, no basis in the record for awarding the Law Guardian a $5,000 retainer for future work to be performed on behalf of the parties' child. There is no evidence that this retainer was applied for or warranted. The Law Guardian may apply to the court for an additional fee if she expends any further time or effort on the child's behalf.

The court's imposition of monetary sanctions on the plaintiff's counsel was made in accordance with proper procedure and was fully supported by the record (*see,* 22 NYCRR 130-1.1 [a]; *Flaherty v Stavropoulos*, 199 AD2d 301, 302).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.