■ ELOISE GADOMSKI, Respondent, v JOSEPH GADOMSKI, Appellant. [664 NYS2d 886] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 5, 1996 in Albany County, inter alia, upon a verdict granting plaintiff a divorce.

In this matrimonial action, a jury found plaintiff entitled to a divorce on the ground of cruel and inhuman treatment. On the ancillary issues of support and equitable distribution, Supreme Court determined the net worth of the parties' marital property to be $1.2 million; granted plaintiff a distributive award of $600,000, to be paid over 10 years; an additional award of $45,000 to compensate for defendant's wasteful dissipation of marital assets; durational maintenance of $200 per

week for five years; child support for the three minor children; and counsel fees of $62,000. Defendant was also directed to pay certain expert fees, as well as those of the children's Law Guardian. Defendant appeals.

Defendant's contention that the proof at trial did not rise to the level necessary to permit a finding of cruel and inhuman treatment is specious. The testimony of plaintiff and that of the parties' two eldest daughters established that defendant had physically abused his wife on many occasions by hitting, kicking, punching and throwing things at her, and that he had subjected her to unremitting psychological abuse as well. The latter took many forms, including a torrent of vituperation and deliberately depriving the family of electricity, transportation and shower facilities, assertedly because they had misbehaved or "didn't deserve" these things. On this record, it cannot seriously be disputed that continued cohabitation would be " 'unsafe or improper' ", regardless of the duration of the marriage (*Echevarria v Echevarria*, 40 NY2d 262, 264; *Bulger v Bulger*, 88 AD2d 895, 896). Defendant's contrary testimony, and that of his witnesses, merely posed credibility questions which the jury resolved against him, as it was entitled to do (*see, Rheinheimer v Rheinheimer*, 235 AD2d 742).

And even accepting, for the sake of argument, defendant's contention that Supreme Court erred in failing to specifically inform the jurors of the higher degree of proof necessary to establish cruel and inhuman treatment in a marriage of long duration (here, over 25 years) (*see, Brady v Brady*, 64 NY2d 339, 345), that omission was harmless given the nature and extent of the proof adduced. As for defendant's claims of judicial bias, they are simply not borne out by the record.

Defendant's criticism of Supreme Court's distribution of the parties' marital property is also unjustified. In this regard, defendant argues that the testimony of plaintiff's appraiser should have been disregarded because there was insufficient factual support for his estimates of the value of the various parcels of real estate, and because plaintiff did not comply with the statutory disclosure requirements with respect to an amended appraisal of defendant's mobile home park which was completed shortly before trial.

It ill-behooves defendant to complain that the expert's conclusions were premised upon incomplete factual information about the properties themselves or the income or expenses they generated, for these deficiencies were the direct consequence of his own refusal to furnish such information or to provide access to the premises for inspection. The "last minute" upward

adjustment in valuation made by the appraiser, occasioned by his finally being made aware of the true number of sites at the mobile home park, was likewise the product of defendant's failure to cooperate. Nor are we persuaded that, as defendant contends, the "comparable sales" cited by the expert—the only appraiser to testify—were not actually comparable; insofar as the properties differed from those at issue, the differences were noted and appropriate adjustments were made (*see, Ingber v State of New York*, 187 AD2d 826, 828). In sum, we find no basis for rejecting the expert's conclusions as to value or for requiring additional testimony on the matter.

Defendant also maintains that it was error to award plaintiff an additional $45,000, over and above a 50% share of the marital estate, to compensate for defendant's wasteful dissipation of assets. We disagree. The record discloses that had defendant not made a rash and unreasonable investment of approximately one quarter of the parties' net worth in highly speculative "penny stocks" shortly after plaintiff left him, and refused to sell those stocks despite evidence that their value was rapidly declining, the total value of the marital assets at the time of valuation would have been at least $100,000 greater than it was. Consequently, Supreme Court did not err in awarding plaintiff an additional $45,000, which brought the total distributive award to approximately the level it would have been had defendant not engaged in this unreasonable and wasteful transaction (*cf., Conceicao v Conceicao*, 203 AD2d 877, 879).

As for the fee awards, given the parties' financial and other relevant circumstances (*see, Matter of DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881), Supreme Court did not err in directing that defendant pay plaintiff's counsel fees and those of the Law Guardian (*see, Petek v Petek*, 239 AD2d 327, 329; *cf., Bronstein v Bronstein*, 203 AD2d 703, 705). There is, however, insufficient evidence in the record to justify the court's findings with respect to the amounts due these attorneys or to permit intelligent appellate review of the reasonableness of those amounts (*cf., Maroney v Maroney*, 208 AD2d 915, 916). Accordingly, fundamental fairness dictates that the matter be remitted for an evidentiary hearing at which plaintiff (and the Law Guardian) can substantiate, and defendant can challenge, their claims as to the value of the services rendered (*see, McCauley v Drumm*, 217 AD2d 829, 931).

Defendant's remaining contentions have been considered and found lacking in merit.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without

costs, by reversing so much thereof as made an award of counsel fees and Law Guardian fees; matter remitted to the Supreme Court for further proceedings on the issue of counsel and Law Guardian fees; and, as so modified, affirmed.