■ EDWARD M. STEPHENS, Appellant, v ALICE S. STEPHENS, Defendant. JO A. DOUGLAS, as Law Guardian, Nonparty Respondent. STEVE WEISS, Appellant, v TOBI WEISS, Defendant. JO A. DOUGLAS, as Law Guardian, Nonparty Respondent. [671 NYS2d 268] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered January 24, 1997, as amended by order entered March 21, 1997, which, in a matrimonial action, granted nonparty respondent Law Guardian's application for a judgment in her favor and against plaintiff in the amount of $13,075.51 with interest for her fees, plus $500 in connection with the application, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Walter Tolub, J.), entered March 20, 1997, which, in a matrimonial action, insofar as appealed from, granted nonparty respondent Law Guardian's application for entry of judgment in her favor and against plaintiff in the amount of $7,524 for her fees, unanimously affirmed, without costs.

Both plaintiffs failed to raise any of the arguments now advanced on appeal, and they are therefore unpreserved for review (see, Melahn v Hearn, 60 NY2d 944, 945). Were we to review them, we would find that both motion courts properly exercised their discretion in appointing a Law Guardian for the parties' children, and directing that the parties pay the Guardian's fee (see, Rotta v Rotta, 233 AD2d 152). The motion courts were not constrained to award the statutory rates set forth in Judiciary Law § 35 (3) and the amounts awarded are appropriate (ibid.). Further, the Law Guardian could seek to enforce payment of her fees through Domestic Relations Law § 244, rather than by plenary action. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.