■ In the Matter of MARITZA MENDEZ, Respondent, v THOMAS J. MANCINELLI, Appellant. [687 NYS2d 303] —In a child

custody proceeding pursuant to Family Court Act article 6, the father appeals (1) as limited by his brief, from stated portions of an order of the Family Court, Orange County (Kiedaisch, J.), entered February 11, 1998, which, *inter alia*, granted the mother's petition for sole custody of the child, and (2) from a judgment of the same court, entered February 27, 1998, which dismissed his cross petition for custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The court properly determined that, in light of the totality of the circumstances, the best interests of the parties' child were served by awarding custody to the mother. This determination, like any custody determination, turned in large part upon the court's assessment of the credibility, character, and temperament of the witnesses and the parties (*see, Petek v Petek,* 239 AD2d 327). In addition to considering other factors that are relevant in determining a custody case, the court also properly considered the effect an award of custody to one parent might have on the child's relationship with the other parent (*see, Young v Young,* 212 AD2d 114). Where, as here, the court has conducted a full evidentiary hearing on the issue of the child's best interests, the resultant findings are to be accorded great weight and are not to be set aside lightly on appeal (*see, Petek v Petek, supra*). Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.