■ In the Matter of WILLIAM MADDEN, Appellant, v PATRICIA CAVANAUGH, Respondent. [761 NYS2d 874] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Klein, J.), dated March 14, 2002, which, without a hearing, granted the mother's motion to dismiss the petition and awarded the mother counsel fees in the sum of $1,000.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the mother counsel fees in the sum of $1,000; as so modified the order is affirmed, without costs or disbursements, and the matter is remitted to the Fam-

ily Court, Westchester County, for a hearing and a new determination on the issue of an award of counsel fees to the mother.

The Family Court properly dismissed the father's petition without first conducting a hearing. A parent who seeks a change in custody is not automatically entitled to a hearing on the issue of whether a change in custody would be in the child's best interests. Rather, he or she must make some evidentiary showing sufficient to warrant such a hearing (*see Corigliano v Corigliano,* 297 AD2d 328 [2002]; *Kjellgren v Kjellgren,* 286 AD2d 753 [2001]; *Matter of Johnson v Semple,* 273 AD2d 311 [2000]). Here, the father's allegations in support of his petition were insufficient to require a hearing (*see Itchkow v Itchkow,* 275 AD2d 442 [2000]; *Matter of Lowe v Crawford,* 265 AD2d 621 [1999]).

The Family Court was authorized to award the mother counsel fees (*see* Family Ct Act § 651 [b]; Domestic Relations Law § 237 [b]; *Matter of O'Neil v O'Neil,* 193 AD2d 16 [1993]). However, the Family Court erred in making such an award without first conducting a hearing to explore the relative financial circumstances of the parties, and to give the father the opportunity to test "the [attorney's] claims relative to time and value" (*Patterson v Patterson,* 302 AD2d 507, 508 [2003] [internal quotation marks omitted]; *see Kiprilova v Kiprilov,* 255 AD2d 362 [1998]; *Petek v Petek,* 239 AD2d 327 [1997]). Accordingly, the matter is remitted to the Family Court, Westchester County, for a hearing and a new determination on the issue of an award of counsel fees to the mother. Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.