■ In the Matter of ANNETTE V. CAMPO, Respondent, v JOHN CAMPO, Appellant. STEPHEN A. MOSER, Law Guardian, Nonparty Respondent. [772 NYS2d 68]—

In a proceeding pursuant to Family Court Act article 6 to modify the custody provision of a judgment of divorce, the father appeals from an order of the Family Court, Nassau County (Pessala, J.), dated October 2, 2002, which, upon granting the motion of the Law Guardian to fix his fees on an hourly basis and to award him an advance retainer, fixed the hourly fee at a rate of $250 per hour, awarded the Law Guardian a $10,000 advance retainer for future services, and directed the father to pay 90% of the Law Guardian's fee and the mother to pay only 10% of the fee.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs payable by the Law Guardian for the child, and the motion of the Law Guardian is denied without prejudice to an application at the conclusion of the proceeding for reasonable compensation for his services as Law Guardian excluding his time expended on the motion and this appeal.

In this proceeding to modify the custody provision of a judgment of divorce, the Family Court appointed Stephen A. Moser as Law Guardian to represent the interests of the parties' infant child (hereinafter the Law Guardian). In October 2001 the Law Guardian wrote to the attorneys for the parties that he would await the conclusion of the proceeding to apply for counsel fees. Instead of seeking the agreement of the parties or applying orally to the court, the Law Guardian, contrary to his prior letter, formally moved by notice of motion dated February 20, 2002, for an advance retainer and for court approval of an hourly rate for his compensation of $200.

The Family Court awarded an advance retainer (or payment) to the Law Guardian in the sum of $10,000 and fixed an hourly rate of $250, which was $50 more than requested. The Family Court specified that the mother would pay 10% of the fees and the father would be obligated for the remainder. These directives were an improvident exercise of discretion.

The Law Guardian based his application for an advance retainer on the speculation that the attorneys for the parties had received an advancement of their fees and on his forecast that the trial would consume many hours. This did not justify the granting of his motion, no less in the sum of $10,000 (see Petek v Petek, 239 AD2d 327, 329 [1997]).

Furthermore, fixing the Law Guardian's hourly rate at a sum

that was $50 in excess of his usual compensation, without explanation, was an improvident exercise of discretion. The Family Court has the authority to award a reasonable fee to a Law Guardian (*see Matter of Bungay v Morin,* 256 AD2d 462 [1998]; *Matter of Department of Social Servs. [Wolfson] v Wolfson,* 228 AD2d 594 [1996]), but the record contains insufficient information to fix a reasonable hourly rate to compensate the Law Guardian and to allocate the fees between the parties.

Finally, in view of the position the Law Guardian adopted in his letter of October 2001 that he would wait until the conclusion of the proceeding to seek his compensation, we view with disfavor his change in position in February 2002 without, at least, seeking to avoid motion practice by soliciting agreement from the parties. Therefore, the Law Guardian should await the conclusion of his representation in the proceeding to make his application for compensation and the Family Court should afford the parties an opportunity to request a hearing (*see Gadomski v Gadomski,* 245 AD2d 579, 581 [1997]; *cf. Matter of Madden v Cavanaugh,* 307 AD2d 266, 267 [2003]). The application for compensation should not embrace the Law Guardian's time spent in making his motion or defending this appeal (*cf. Matter of Department of Social Servs. [Wolfson] v Wolfson, supra*). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.