■ COLEEN RUPP-ELMASRI, Plaintiff, v MOHAMED ELMASRI, Appellant. DONNA ENGLAND, Nonparty Respondent. [778 NYS2d 289]—In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Farneti, J.), dated August 9, 1999, which granted the Law Guardian's motion for legal fees in the sum of $17,542.34 and directed him to pay one half of that sum, and (2) an order of the same court (Kent, J.) dated July 16, 2001, which, after a hearing, awarded the law guardian legal fees in the sum of $8,260 and directed him to pay one half of that sum.

Ordered that the appeal from the order dated August 9, 1999, is dismissed, because the right of direct appeal therefrom terminated with the entry of a judgment dated September 12, 2001, upon the order; and it is further,

Ordered that the order dated July 16, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the Law Guardian payable by the appellant.

Although we have the authority in our "discretion, when the interests of justice so demand" to treat the notice of appeal from the order dated August 9, 1999, as a premature notice of appeal from the judgment dated September 12, 2001 (CPLR 5520 [c]; *see Scott v Vassar Bros. Hosp.,* 133 AD2d 76, 77 [1987]; Siegel, NY Prac § 524, at 855 [3d ed]; *cf.* 22 NYCRR 670.8 [e]), we decline to do so under the circumstances of this case.

With respect to the order dated July 16, 2001, the Supreme Court providently exercised its discretion in requiring the defendant husband to pay one half of the Law Guardian's fees (*see Pascarelli v Pascarelli,* 283 AD2d 472 [2001]; *Rosenbaum v Rosenbaum,* 270 AD2d 242 [2000]; *Petek v Petek,* 239 AD2d 327, 329 [1997]; *Cilento v Cilento,* 225 AD2d 648 [1996]; *Hughes v*

465

*Hughes,* 224 AD2d 389 [1996]). In doing so, the Supreme Court did not violate the doctrine of the law of the case (*see Latture v Smith,* 304 AD2d 534, 535 [2003]; *Kennedy v Children's Hosp. of Buffalo,* 303 AD2d 937 [2003]; *Brothers v Bunkoff Gen. Contrs.,* 296 AD2d 764, 765 [2002]; *Matter of Rappaport,* 150 AD2d 779, 780 [1989]). Moreover, the amount of fees awarded to the Law Guardian was appropriate, particularly since a hearing was held (*see Stephens v Stephens,* 249 AD2d 191 [1998]; *Rotta v Rotta,* 233 AD2d 152 [1996]).

The defendant's remaining contentions are without merit. Ritter, J.P., Altman, S. Miller and Crane, JJ., concur.